**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIO ZAMORA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 7703 |
| | ) |
| ERIC WIER, et al., | ) Magistrate Judge Finnegan |
| | ) |
| Defendants. | ) |

## ORDER

On October 28, 2009, fifteen Chicago Police Officers executed a search warrant at Plaintiff Mario Zamora's home and arrested him on numerous weapons-related charges. Plaintiff subsequently filed this federal lawsuit alleging (in part) that Defendant Officers violated 42 U.S.C. § 1983 when they (1) failed to knock and announce their presence before entering the residence; (2) acted unreasonably in conducting the search by destroying certain personal property and using excessive force against him; and (3) failed to intervene to stop this unlawful conduct. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and this Court held a jury trial from February 3 through 5, 2014. After hearing all the evidence, the Court granted Defendants' motions for judgment as a matter of law as to the failure to intervene and destruction of property claims. Plaintiff voluntarily dismissed the excessive force claims against all Defendants except Officer Wier, leaving the jury to decide (1) the sole remaining excessive force claim, and (2) the claims of failure to knock and announce against all Defendants. (Doc. 88). On February 5, 2014, the jury

returned a verdict in favor of Defendants and against Plaintiff on all those claims, and the Court entered judgment for Defendants. (Doc. 89, 90).

Defendants now seek to recover $2,935.40 in costs pursuant to FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 1920. For the reasons set forth here, the request for costs is granted.

## **DISCUSSION**

Rule 54(d) creates a "strong presumption that costs will be awarded to the prevailing party," and that presumption is "difficult to overcome." *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Gilbert-Mitchell v. Lappin*, No. 06-CV-0741-MJR, 2010 WL 1838283, at *2 (S.D. Ill. May 6, 2010). Under 28 U.S.C. § 1920, recoverable costs include (1) fees of the clerk and marshal, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters. *Republic Tobacco Co. v. North Atlantic Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007). As the losing party, Plaintiff "bears the burden of affirmatively showing that the taxed costs are not appropriate." *Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc.*, 873 F. Supp. 2d 939, 944 (N.D. Ill. 2012) (citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)).

Defendants seek a total of $2,935.40 in costs, including: (1) $2,368.60 for court reporter and transcript fees; (2) $76.80 for copying expenses; and (3) $490 for trial poster boards and binders. (Doc. 93). Plaintiff has chosen not to file any responsive memorandum, leaving no dispute that Defendants are the prevailing parties in this case

entitled to costs. *See Republic Tobacco Co.*, 481 F.3d at 446. In the absence of any objections from Plaintiff regarding the amounts claimed, the Court finds that all of the requested costs are properly taxable.

**A.     Transcript Costs**

"Section 1920(2) allows recovery of fees for transcripts necessarily obtained for use in the case." *Berry v. Chicago Transit Auth.*, No. 06 C 3640, 2011 WL 947073, at *2 (N.D. Ill. Mar. 15, 2011). Local Rule 54.1 further elaborates that the costs of such transcripts "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." L.R. 54.1(b). For ordinary transcripts, the rate is $3.65 per page for an original transcript and $0.90 for the first copy to each party. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscript.htm (last viewed on (last viewed on May 30, 2014). Local Rule 54.1 also allows for recovery of court reporter attendance fees not to exceed $110 for one half day (4 hours or less), and $220 for a full day. *See* http://www.ilnd.uscourts.gov/home/_assets/_documents/e-transcripts/Local%20Rule%2054.1.pdf (last viewed on May 30, 2014).

Defendants seek to recover $2,368.60 for six transcripts: (1) $162.50 for a 50-page court hearing transcript on February 14, 2014; (2) $2,079 for Plaintiff's 298-page videotaped deposition on July 31, 2013; (3) $26 for an 8-page court hearing on May 10, 2013; (4) $29.25 for a 9-page court hearing on February 26, 2013; (5) $59.85 for a 19-page court hearing in the underlying criminal case on February 14, 2011; and (6) $12 for a 4-page court hearing in the underlying criminal case on June 11, 2010.

Defendants have billed for each of these depositions at between $3.15 and $3.25 per page, which is well below the allowed rate. (*See* Doc. 93-1, at 4 of 14). In addition, Plaintiff does not dispute that the transcripts – including the videotaped deposition and associated court reporter attendance fees – were necessarily obtained for use in the case. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (holding that courts may "tax the costs of stenographically transcribing a video-recorded deposition" in addition to the costs of the video-recording itself). These costs are therefore awarded in full.

**B.     Copying Expenses**

"A prevailing party may recover costs for copies that were 'necessary for use in the case.'" *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 978 (N.D. Ill. 2010) (quoting 28 U.S.C. § 1920(4)). Materials necessary "for use in the case" include "copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court; they do not include copies made solely for the convenience of counsel." *Id*. (internal quotations omitted).

Defendants seek reimbursement of $76.80 for photocopies at the reasonable rate of $0.15 per page. *See, e.g., Wells v. Johnson*, No. 06 C 6284, 2012 WL 3245955, at *1 (N.D. Ill. Aug. 6, 2012) (finding $0.15 per page reasonable); *Perry v. City of Chicago*, No. 08 C 4730, 2011 WL 612342, at *2 (N.D. Ill. Feb. 15, 2011) (same). Plaintiff does not claim that the copies were unnecessary for use in this case, and Defendants may therefore recover the full amount requested.

## C. Other Expenses

Defendants finally seek to recover $460 expended on trial poster boards showing the Officers' positions throughout the search of Plaintiff's home, and $30 spent on trial exhibit binders for the jurors. Given the large number of Officers involved in executing the warrant and their varied and changing locations, the poster boards greatly assisted both the Court and the jury in understanding the parties' actions in this case and were not merely procured for Defendants' convenience. *See Vardon Golf Co. v. Karsten Mfg. Corp.*, No. 99 C 2785, 2003 WL 1720066, at *11 (N.D. Ill. Mar. 31, 2003) (awarding costs for demonstrative exhibits that "made the issues more clear to the jury," "were certainly of assistance to the Court," and "were necessary to the litigation."). The same is true of the exhibit binders provided to the jury. *See Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, at *6 (N.D. Ill. June 16, 2006) (allowing costs for juror exhibit binders). Plaintiff does not argue otherwise or challenge the requested amounts, and they are awarded in full.

## **CONCLUSION**

For the reasons stated above, Defendants' Bill of Costs (Doc. 93) is allowed in the amount of $2,935.40.

ENTER:

Dated: June 2, 2014

*Sheila Finnegan*
SHEILA FINNEGAN
United States Magistrate Judge